BarNey, J.,
delivered the opinion of the court.
The question in this case arises upon the motion of the defendants for a new trial; and as the case of the claimant is all made by evidence already submitted, and about which there is no dispute, the whole case was submitted upon said motion.
This is a suit brought by the plaintiff to recover the salary claimed to be due him under the remuster act of February 24, 1897 (29 Stat., 593). That part of said act which has particular application to this case is as follows:
“That any person who was duly appointed or commissioned to be an officer of the volunteer service during the War of the Rebellion and who was subject to the mustering regulations at the time applied to members of the volunteer service shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission from the date from which he was to take rank under and by the terms of Ms said appointment or commission, whether the same was actually received by him or not, and shall be entitled to pay, emoluments, and pension as if actually mustered at that date.”
*9 The returns from the War Department show the military record of the plaintiff to be as follows: He was enrolled in the military service June 12, 1863, at Louisville, Ky., for three years, and mustered in as a sergeant of Company B, Thirty-fourth Kentucky Infantry, September 10,1863. From August 31, 1864, until his dismissal from the service he appears to have been absent from his regiment and on duty as lieutenant and acting adjutant of the Eleventh Tennessee Cavalry; on October 21, 1864, he was discharged from the military service of the United States by the following order:
“ HEADQUARTERS DEPARTMENT OF THE OHIO,

“Knoxville, Term., October 21, 1864.

“ Special Order No. 274.]
“ Sergt. Thomas J. Craycroft, Company B, Thirty-fourth Kentucky Infantry Volunteers, is hereby discharged the service to date from the 28th of June, 1864, to enable him to accept a commission then tendered him by the governor of Tennessee, and since when he has been acting in the capacity of a commissioned officer.
“ Major General Scofield.
“ R. Morrow,

“Assistant Adjutant General."

There is nothing in the record to show when, if ever, he was mustered into the service as such lieutenant and acting adjutant until that was done upon his application under the act of February 24, 1897, supra, and presumably he never was. On the 7th of November, 1864, the plaintiff, as adjutant of the Eleventh Tennessee Cavalry, was arraigned before a general court-martial, and after a trial was found guilty and sentenced to be dismissed from the service with loss of pay and all allowances. This sentence was approved January 12,1866, and promulgated April 4, 1865.
The claimant was reinstated by the War Department, on his own application, under the act of February 24, 1897, above quoted, as first lieutenant and adjutant, Eleventh Tennessee Cavalry, to date June 30, 1864. It is now contended for him that by virtue of such remuster, and notwithstanding, such court-martial and sentence, he is entitled to recover the salary of a first lieutenant from June 30, 1864, the date to *10 which he was remustered, and April 4, 1865, the date of his dismissal from the service. This contention is based upon the claim that such court-martial had no jurisdiction of the person of the claimant for the reason that he was not then in the military service of the United States within the provisions of article 64 of the Articles of War, which provides:
“ The officers and soldiers of any troops, whether militia or others, mustered and in pay of the United States shall, at all times and in all places, be governed by the Articles of War, and shall be subject to be tried by courts-martial.”
It is also contended by the claimant that even if it is admitted that the sentence of the court-martial was valid, it in terms only sentenced him to the loss of all pay and allowances then due, and does not deprive him of the pay and allowances to which he would be entitled under the remuster act of February 24, 1897.
The findings show that the claimant was discharged from the military service of the United States October 21, 1864, and though he was thereafter in actual service as first lieutenant and acting adjutant of the Eleventh Tennessee Cavalry up to the time of his trial by the court-martial, he had not been again technically mustered into the military service of the United States. We say “ technically ” for reasons which will hereafter appear in this opinion. For this reason it will be, and doubtless must be, conceded that the court-martial which tried the claimant was without jurisdiction of his person, and hence that its proceedings were absolutely void. This being conceded, it is necessary to consider what rights accrued to the claimant by virtue of the remuster act of February 24, 1897, above quoted.
By that act Congress gave rights to a certain class of soldiers which they did not before enjoy, and which would result in their receipt of increased pay and allowances. In so doing Congress had the right to impose such conditions precedent to the receipt of this gift as it saw fit; and it said that such soldiers “ shall be held and considered to have been mustered into the service of the United States,” etc., and upon such consideration should be entitled to the pay and emoluments mentioned. If that act had never been passed, the claimant *11 would have had no claim of any kind against the United States, because he was not in its service during the time for which pay is claimed, and the court-martial proceedings would have been a mere farce. If the claimant is to demand the privileges and emoluments conferred by placing him in the service during the time for which pay is claimed, he ought also to be imposed with all of the obligations of the military service of the United States during such service. If he had deserted and remained out of the service all of the time for which pay is claimed and been court-martialed and sentenced to a loss of pay during such service, would it be contended that he was entitled to pay during such time? If not, how can it be successfully contended that he is entitled to pay for a period when deprived of pay by court-martial proceedings for some other offense?
We believe a fair construction of the act of February 24, 1897, places the claimant in the military service of the United States during the period provided for, subject to all of its obligations as well as privileges, and if during such period he has only had imposed upon him the obligations and penalties of other soldiers in the military service under like circumstances, he has no cause for complaint.
If the foregoing reasoning is sound, it disposes of the- contention of the claimant that the sentence of the court-martial only deprived him of the pay then due, i. e., a;t the date of the court-martial, for by the terms of the sentence he was dismissed from the service and, consequently, earned no further pay.
This disposal of the case makes it unnecessary to consider the contention of the defendants that this case is controlled by the decision of this court in the Acker case (46 C. Cls., 68), wherein it was held that because of the act of April 19, 1910 (36 Stats., 312, 324), this court was without jurisdiction under the Tucker Act to make findings contrary to the findings of the War Department.
A new trial in this case is allowed, and it is ordered that the former findings of fact stand, but that the conclusion of law be modified so as to conform to this opinion. The former opinion is withdrawn, and the petition is dismissed.